**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN ISAIS YAXON SULUGUI,<br>Petitioner,<br>v.<br>PAM BONDI, *et al.*,<br>Respondents. | Civil Action No. 26-2437 (MAS)<br>**MEMORANDUM OPINION** |

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1), motion seeking an order to show cause (ECF No. 3), and motion to enforce judgment[1] (ECF No. 9), all of which seek to challenge the bond hearing Petitioner received before an immigration judge. Following an order to answer, the Government filed a response to the petition (ECF Nos. 6-7), to which Petitioner replied (ECF No. 8). For the following reasons, Petitioner's habeas petition is denied.

By way of background, in January 2026, Petitioner filed a habeas petition challenging his detention without bond pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2). (Docket No. 26-586 at ECF No. 1.) On January 22, 2026, this Court entered an order which

[1] Although Petitioner entitles this motion as a motion to enforce a judgment, it does not seek to enforce any judgment in this case. Instead, Petitioner attempts to reraise his arguments as to the fairness of his bond hearing and present the Court with copies of news articles that are largely irrelevant to the bond issue raised in Petitioner's current habeas petition. (*See* ECF No. 9.) To the extent Petitioner intended this motion to raise a new claim related to the conditions of confinement in Delaney Hall, Petitioner has presented no particularized information or allegations about his own experiences and relies merely on generalized second-hand news accounts. As this Court has no jurisdiction in a habeas proceeding to consider conditions of confinement claims absent "extreme" circumstances not present here, *see, e.g.*, *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)), this Court has no jurisdiction to address such a claim in this matter, and any such claim is therefore dismissed.

determined that Petitioner was actually subject to detention under 8 U.S.C. § 1226(a) and was therefore entitled to a bond hearing before an immigration judge. (Docket No. 26-586 at ECF No. 3.) The Government provided Petitioner with that hearing on January 27, 2026, resulting in Petitioner being denied bond as he had failed to persuade the immigration judge that he was not a flight risk. (*See* ECF No. 7.) Petitioner now seeks to challenge that bond hearing, arguing that his hearing was fundamentally unfair. (ECF No. 1.)

Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but must accord them with a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Instead, this Court may only review bond hearings under the statute for fundamental fairness. *Ghanem*, 2022 WL 574624, at *2. An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . . interests." *Id.*

At his bond hearing, Petitioner was permitted to present a packet of evidence in support of his request for bond, including business records, tax records beginning in 2021, and a statement of support from his wife. (ECF No. 7 at 2-3, 8-10.) Petitioner's counsel was also permitted to present

arguments on his behalf, which the Government opposed. (*Id.* at 3-8.) Following this presentation, the immigration judge considered Petitioner's documentary evidence and his arguments, and ultimately denied Petitioner bond, finding that Petitioner had not convinced the immigration judge that he was likely to appear for future hearings or follow future orders and was therefore a flight risk. (*Id.* at 8-11.) The immigration judge based this decision on the facts that: (1) Petitioner had been ordered removed and had an application for cancellation of removal denied, which he had at that time not yet appealed to the Board of Immigration Appeals ("BIA")[2]; (2) Petitioner, despite claiming to have lived and worked in the United States for many years, had tax records only for recent years; (3) Petitioner could have sought to adjust his status following the initial granting of an I130 petition in 2020 but failed to further pursue that petition until after he was taken into custody in late 2025; and (4) Petitioner had other available avenues for relief which he declined to pursue because they required that he first return to his home country. (*Id.*) After the judge denied Petitioner's bond request, Petitioner requested to speak, but the judge declined further testimony as the bond issue had already been decided. (*Id.* at 11.)

Having considered the transcript and recording of Petitioner's bond hearing, the Court finds that Petitioner's hearing met all of the requirements to be fundamentally fair. Petitioner was permitted to present arguments and evidence on his own behalf, the immigration judge considered his arguments and evidence, the bond issue was decided on a record disclosed to Petitioner, and the immigration judge made an individualized determination of Petitioner's flight risk on the

---

[2] Petitioner later filed a timely appeal to the BIA on February 6, 2026. Petitioner's removal order is thus not yet administratively final.

record. Petitioner's bond hearing was therefore not fundamentally unfair.[3] *Ghanem*, 2022 WL 574624, at *2. That Petitioner now disputes the immigration judge's determination, views of the evidence, and weighing of that evidence is no basis for habeas relief, and this Court has no jurisdiction to second guess that decision. *Id.*; *see also* 8 U.S.C. § 1226(e). Because Petitioner has failed to establish that his bond hearing was fundamentally unfair, he is not entitled to further relief at this time, and his habeas petition and motions (ECF Nos. 1, 3, 9) must be denied.

In conclusion, Petitioner's habeas petition and motions (ECF Nos. 1, 3, 9) are **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2026

[3] Petitioner also takes issue with the fact that the immigration judge did not call his wife for further testimony or permit him to make further statements when he asked to speak *after* bond had already been denied. Petitioner, however, has not provided any clear precedent for the contention that the taking of testimony or permitting Petitioner another opportunity to argue after the decision had been issued was required, and such testimony or opportunities to argue after a decision is issued are not requirements for a fundamentally fair bond hearing. *Ghanem*, 2022 WL 574624, at *2. That the judge did not request further testimony from Petitioner's wife or permit Petitioner to argue a basis for reconsideration after she decided his bond hearing are thus no bases for relief.